FILED

2020 Sep-22  PM 04:17
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| **A.A.**, *on her own behalf and on behalf of her minor child*, **A.H.,** | } | |
| | } | |
| | } | |
| | } | |
| **Plaintiffs,** | } | |
| | } | |
| | } | **Case No.:  2:19-cv-00726-MHH** |
| **v.** | } | |
| | } | |
| **TRACY EUBANKS, et al.,** | | |
| **Defendants.** | | |

## MEMORANDUM OPINION AND ORDER

Plaintiff A.A. has moved for reconsideration of the Court's January 23, 2020 memorandum opinion dismissing A.A.'s federal law claims based on the affirmative defense of qualified immunity and declining to exercise supplemental jurisdiction over A.A.'s state law claims.  (Docs. 20, 22).  A.A. asks the Court to reinstate her claims against Officers Del Romono and Edge, and she asks the Court to either entertain her state law claims or remand those claims to state court rather than

1

dismiss the claims without prejudice. (Doc. 22). The Court understands A.A.'s motion as a motion to amend the Court's final order pursuant to Rule 59(e).

"In the interests of finality and conservation of scarce judicial resources, reconsideration of an order is an extraordinary remedy and is employed sparingly." *Rueter v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 440 F. Supp. 2d 1256, 1267 (N.D. Ala. 2006). A party may not use a motion to reconsider to present a new theory of law or new evidence, absent a showing that the argument or the evidence was not available while the original motion was pending. *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir. 2009); *Mays v. U.S. Postal Service*, 122 F.3d 43, 46 (11th Cir. 1997). In short, a party may not use a motion to reconsider to "relitigate old matters." *Wilchombe*, 555 F.3d at 957 (citations omitted). A.A. is not attempting to relitigate old matters in her motion, so the Court will consider the merits of her motion.

With respect to Officers Del Romono and Edge, A.A. asks for an opportunity to seek a default against these defendants, who allegedly are officers in the Midfield Police Department. (Doc. 22, p. 2). A.A. asserts that neither defendant has answered or filed a motion to dismiss. (Doc. 22, p. 2). That is true, but the record indicates that A.A. has not served either defendant.

The docket sheet initially indicated that Officers Del Romono and Edge were represented by counsel. (*See* September 22, 2020 docket entry). That likely is

because counsel for the DHR defendants stated in the defendants' notice of removal that he was removing on behalf of all defendants, including defendants Del Romono and Edge. (Doc. 1, p. 1). But the state court pleadings contain no summons for defendants Del Romono and Edge, (Doc. 1-1, pp. 1-14), so those defendants had not been served at the time of removal, and they did not have to join in the notice of removal, 28 U.S.C. §§ 1441(a), 1446(b)(2)(A).

Because it does not appear that A.A. has made an effort to litigate her purported claims against Officers Del Romono and Edge, the due process argument in her motion to amend rings hollow. Under FED. R. CIV. P. 4(m), A.A. had 90 days from the date the DHR defendants removed the case to federal court to serve the police officers. The DHR defendants removed this action to federal court on May 10, 2019. (Doc. 1). Therefore, A.A. had until August 10, 2019 to serve Officers Del Romono and Edge. She has not explained her failure to serve these defendants or even to have a summons prepared for them.[1]

In addition, even if A.A. had served Officers Del Romono and Edge, to fulfill her duty to prosecute her claims, A.A. would have had to request default from the Clerk of Court and then file a motion for default judgment. "A motion for default judgment is not granted as a matter of right." *Pitts ex rel. Pitts v. Seneca Sports,*

---

[1] From the docket, it does not appear that A.A. has served Julie Wilson. A.A. alleges that Ms. Wilson was a DHR employee in August of 2017.

*Inc.*, 321 F. Supp. 2d 1353, 1356 (S.D. Ga. 2004) (internal footnote omitted).  After a clerk enters a default pursuant to Rule 55(a), a district court must review the sufficiency of the complaint and the substantive merits of the complaint to determine whether a moving party is entitled to default judgment.  *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 n.41 (11th Cir. 1997).  A district court must ensure that the well-pleaded allegations in the complaint state a substantive cause of action and that a sufficient basis exists in the pleadings for the relief sought.  *Cotton v. Mass Mut. Life Ins. Co.*, 402 F.3d 1267, 1278 (11th Cir. 2005).

Here, the original and amended complaints contain no factual allegations concerning Officer Edge.  (Doc. 1-1, pp. 20–28; Doc. 8, pp. 6-16).  The original and amended complaint contain only one factual allegation concerning Officer Del Romono.  (Doc. 1-1, p. 20, ¶ 23; Doc. 6, p. 6, ¶23).  The Court need not decide the issue at this juncture, but it is unlikely that A.A. could meet the standard for a default judgment in the absence of adequate factual allegations concerning Officers Del Romono and Edge.  And there is the matter of Alabama Code § 12-15-306(a)(1).

The Court sets A.A.'s motion to amend the final order for a telephone conference at 11:00 a.m. on September 25, 2020 to discuss A.A.'s purported claims against Officers Del Romono and Edge.  The Court is not opposed to remanding A.A.'s state law claims if the Court does not reinstate the federal claims against Officers Del Romono and Edge.

4

**DONE** and **ORDERED** this September 22, 2020.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE